UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELENE TONIQUE LAURENT MILLER, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, *et al.*, ) <br> ) <br> *Defendants*. ) | Case No. 1:23-cv-02945 (UNA) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a complaint, Dkt. 1, and an accompanying application for leave to proceed *in forma pauperis* (IFP), Dkt. 2. The Court will grant Plaintiff's application for leave to proceed IFP, and for the reasons explained below, it will dismiss this matter without prejudice.

Plaintiff, who appears to reside in Chicago, Illinois, sues the United States Departments of Justice and Labor, a company referred to as "Gamma Team Security," and Tiffany & Company, for $40 million in damages arising from alleged employment discrimination. The complaint's allegations leave much to be desired. Plaintiff fails to plead any facts whatsoever implicating the Department of Justice or the Department of Labor. And the allegations raised against Gamma Team Security and Tiffany & Company are vague, overbroad, and boilerplate, at best.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule of Civil Procedure 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  As is true here, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (cleaned up).

Plaintiff's complaint falls within this category, failing to provide the Defendants or this Court with clear notice of her intended claims.  Indeed, a claim is facially plausible only when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  A pleading must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Simply put, Plaintiff's intended claims fail to meet the requisite standard.

The Court also notes that Plaintiff has failed to establish venue in the District of Columbia.  She has not presented any allegations giving rise to a claim against the named federal agencies.  And although Plaintiff has failed to provide addresses and contact information for the Defendants, in contravention of D.C. Local Rule 5.1(c)(1), it does not appear that Gamma Team

Security and the relevant Tiffany & Company are located in the District of Columbia.  Likewise, the alleged actions giving rise to this case appear to have occurred exclusively in Illinois.

Relevant here, Title VII provides that a civil action may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  Moreover, there is a clear preference for adjudicating employment discrimination claims in the judicial district most concerned with the alleged discrimination.  *See Stebbins v. State Farm Mutual Auto. Ins. Co.*, 413 F.2d 1100, 1102–03 (D.C. Cir. 1969).  Here, assuming *arguendo* that plaintiff's claims are cognizable, they do not belong in this District.  *See* 28 U.S.C. § 1406(a).

For the reasons stated above, this case will be dismissed without prejudice.  Plaintiff's pending motion for leave to use of a P.O. Box, Dkt. 3, is denied as moot. A separate order accompanies this memorandum opinion.

Date: November 17, 2023

/s/ Ana C. Reyes
ANA C. REYES
United States District Judge